IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **HENRIETTE BEAUVIL,** | § | CIVIL ACTION NO. _____ |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| | § | |
| **WAYDAN ENTERPRISES, INC., d/b/a** | § | |
| **THE BANDERA ROAD GARDEN** | § | |
| **CENTER and d/b/a THE GARDEN** | § | |
| **CENTER, and GERALD WAYNE** | § | |
| **HARRELL, JR.** | § | |
| | § | |
| Defendants. | § | **DEMAND FOR JURY TRIAL** |

## PLAINTIFF'S ORIGINAL COMPLAINT

This is an action for unpaid wages brought under the Fair Labor Standards Act (hereinafter "FLSA") 29 U.S.C. § 201 *et seq*. This action is brought by a worker employed by Defendants at a retail nursery and landscaping company called The Garden Center, located in Bexar County, Texas. Since 2004, Defendants failed to adequately pay Ms. Beauvil overtime pay for the hours she worked in excess of forty (40) hours during each work week. Accordingly, Plaintiff seeks her unpaid overtime wages, liquidated damages, attorney's fees, and costs of court.

### JURISDICTION AND VENUE

1. Plaintiff brings this case to recover unpaid compensation under 29 U.S.C. § 201 *et seq*. As such, this Court has jurisdiction over the Plaintiff's FLSA claims pursuant to the following:

      a.      28 U.S.C. §1331 (Federal Question);

      b.      28 U.S.C. § 1337 (Interstate Commerce);

      c.      29 U.S.C. § 216(b) (FLSA).

2. Inasmuch as Defendants' principal place of business is in Bexar County, Texas, and all or a substantial part of the acts or omissions giving rise to Plaintiff's cause of action occurred in or around Bexar County, Texas, venue is proper in this District and Division under 28 U.S.C. § 1391(b)(1) and (2) and 29 U.S.C. § 216(b).

## THE PARTIES

3. Plaintiff HENRIETTE BEAUVIL is an individual residing in Bexar County, Texas.

4. Defendant WAYDAN ENTERPRISES, INC. d/b/a THE BANDERA ROAD GARDEN CENTER and d/b/a THE GARDEN CENTER (hereinafter referred to as "Waydan Enterprises"), is a Texas corporation with its principal place of business in San Antonio, Texas and which may be served with process by serving its registered agent, Gerald Wayne Harrell, Sr. at 10682 Bandera Road, San Antonio, TX 78250.

5. At all relevant times, Plaintiff was an "employee" of Waydan Enterprises within the meaning of 29 U.S.C. §203(e)(1).

6. Waydan Enterprises employed Plaintiff within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and 203(g).

7. Facts demonstrating that Waydan Enterprises was Plaintiff's employer include, but are not limited to, the following:

    a. Waydan Enterprises possessed the authority to hire and fire Plaintiff;

    b. Plaintiff received extensive instruction from Waydan Enterprises;

      c. Plaintiff was economically dependent on Waydan Enterprises for the terms and conditions of her employment;

      d. Waydan Enterprises possessed and exercised the authority to control the employment rules and policies applicable to Plaintiff, including scheduling, timekeeping, payroll, and disciplinary practices; and

      e. Waydan Enterprises owned or controlled the premises at which Plaintiff worked.

8. Waydan Enterprises is an "enterprise" as defined by 29 U.S.C. §203(r)(1) and is engaged in commerce or the sale of goods for commerce within the meaning of 29 U.S.C. §203(s)(1)(A). Waydan Enterprises' enterprise has, at all times relevant to this action, employed more than two (2) commercial workers who performed commercial duties, including but not limited to assisting customers, operating the cash register and handling goods such as seeds, tools and plants that have been moved in or produced for commerce. The gross annual volume of Waydan Enterprises' sales exceeds, and has for all times relevant to this action exceeded, $500,000.00.

9. Defendant GERALD WAYNE HARRELL, JR (hereinafter referred to as "Harrell") is a governing member of Waydan Enterprises and was also Plaintiff's supervisor during her time working for Waydan Enterprises. He may be served with process at his principal place of business at 10682 Bandera Road, San Antonio, TX 78250.

10. At all relevant times, Plaintiff was an "employee" of Defendant Harrell within the meaning of 29 U.S.C. §203(e)(1).

11. Defendant Harrell employed Plaintiff within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and 203(g).

12. Facts demonstrating that Defendant Harrell was Plaintiff's employer include, but are not limited to, the following:

   a. Defendant Harrell possessed the authority to hire and fire Plaintiff;

   b. Plaintiff received extensive instruction from Defendant Harrell;

   c. Plaintiff was economically dependent on Defendant Harrell for the terms and conditions of her employment;

   d. Defendant Harrell possessed and exercised the authority to control the employment rules and policies applicable to Plaintiff, including scheduling, timekeeping, payroll, and disciplinary practices; and

   e. Defendant Harrell owned or controlled the premises at which Plaintiff worked.

13. Plaintiff was engaged in commerce during her employment with Defendants. She operated the cash register, ordered goods and supplies by computer and telephone from suppliers outside the State of Texas, and handled and sold goods moved in or produced for commerce such as seeds, soil, fertilizer, plants, and tools.

## FACTS

14. Waydan Enterprises operates a retail nursery and landscaping company which purchases plants from growers, tends them and resells them to consumers along with various landscaping and gardening supplies.

15. Defendant Harrell is a governing member of Waydan Enterprises and was also Plaintiff's supervisor during her time working for Waydan Enterprises.

16. At all relevant times, under Defendants' control and supervision, Plaintiff handled goods or materials that had been moved in or produced for commerce, including, but not limited to gardening products and landscaping tools.

17. When she began her employment with Defendants in 2004, Plaintiff worked an average of 40 hours per week during the school year and an average of 50 hours per week during the summer. Beginning in 2015, Plaintiff worked an average of 53 hours per week during the school year and an average of 62 hours per week during the summer.

18. At all relevant times, Plaintiff would work according to roughly the same schedule every day of the week. When she began her employment with Defendants in 2004, Plaintiff would arrive at work between 8:00 and 8:30 A.M. to help prepare the store to open at 9:00 A.M. Plaintiff would then continue working until 3:00 P.M. Beginning in 2015, Plaintiff would arrive at work between 8:00 and 8:30 A.M. to help prepare the store to open at 9:00 A.M. and would then continue working until 5:00 P.M.

19. When she began her employment with Defendants in 2004, Plaintiff was initially paid $9 per hour. Plaintiff received a raise to $14 per hour in 2010 and another raise to $15 per hour at the beginning of 2019.

20. At all relevant times, Defendants knowingly, willfully, or with reckless disregard, carried out their illegal pattern or practice of failing to pay the overtime compensation due to Plaintiff.

21. Throughout her employment with Defendants, in each work week in which Plaintiff worked in excess of forty hours, Defendants did not pay Plaintiff one-and-a-half times her regular hourly rate for all hours she worked after the first forty.

22. Instead, regardless of the number of hours Plaintiff worked in a week, Defendants would either pay her for only forty hours of work or pay her less overtime compensation than she had earned.

23. For example, during the week of April 1, 2019 Plaintiff worked a total of 62.86 hours: 9.88 hours on April 1, 8.75 hours on April 2, 9.71 hours on April 3, 9.78 hours on April 4, 9.99 hours on April 5, 6.71 hours on April 6 and 8.04 hours on April 7. Plaintiff should have been paid $15 per hour for her first 40 hours of work and $22.50 per hour for the 22.86 hours of work after the first 40. Under the FLSA, she should have been paid gross wages of $1,114.35. Defendants instead only paid her gross wages of $1,050.00.

24. Additionally, upon information and belief, Defendants failed to maintain complete and accurate records of the Plaintiff's hours of work and compensation as required by the FLSA.

25. All acts and omissions alleged in the paragraphs above were undertaken by the Defendants either directly or through an agent acting within the scope of their authority.

## CLAIM FOR RELIEF

### (FLSA Overtime)

26. The above-described actions by Defendants willfully violated Plaintiff's overtime pay rights under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for which she is entitled to relief pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A. Award Plaintiff her unpaid overtime compensation and an equal amount of liquidated damages;

E. Award Plaintiff her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

F. Award Plaintiff post-judgment interest, as provided by law; and

G.  Award Plaintiff such other and further relief as is just and proper.

Respectfully submitted,

By: */s/ Christina Trejo*
Christina Trejo
Texas State Bar No. 24003124
ctrejo@trla.org
TEXAS RIOGRANDE LEGAL AID, INC
1111 N. Main Ave.
San Antonio, Texas 78212
Ph: 210-212-3735
Fax: 210-229-9328
LEAD COUNSEL FOR PLAINTIFF

/s/  Nathaniel C. Norton
Nathaniel C. Norton
Texas Bar No. 24037196
1111 N. Main Ave.
San Antonio, TX 78212
Tel.: (210) 212-3700
Fax: (210) 229-9328
nnorton@trla.org
COUNSEL FOR PLAINTIFF